**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4778**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JUAN ANTONIO MEDRANO-MACIAS, a/k/a Juan Antonio Medrone-Macias, a/k/a Juan Antonio Madrano-Mecias,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00016-JAB-1)

Submitted: July 16, 2015        Decided: September 2, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Ripley Eagles Rand, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Antonio Medrano-Macias pled guilty, pursuant to a plea agreement, to unlawful reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Medrano-Macias to 70 months' imprisonment and 3 years' supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence is reasonable. Medrano-Macias has not filed a supplemental pro se brief, despite receiving notice of his right to do so. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id.

2

at 51.  A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In this case, the record establishes that Medrano-Macias' sentence is procedurally and substantively reasonable.  We reject Medrano-Macias' claim that his sentence is substantively unreasonable because the district court could have accounted for the time he served in state custody.  Although the district court had the discretion to issue a lower sentence, it was not required to do so, and we must give "due deference to the district court's decision."  Gall, 552 U.S. at 51.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment and deny without prejudice counsel's motion to withdraw.  This court requires that counsel inform Medrano-Macias, in writing, of the right to petition the Supreme Court of the United States for further review.  If Medrano-Macias requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Medrano-Macias.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>